IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHAN WOLFGANG,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | 4:24CV3084<br><br>**FINAL PROGRESSION ORDER<br>(AMENDED)** |

IT IS ORDERED that the parties' joint stipulation to modify the progression order is approved. (Filing No. 25). The final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held as previously scheduled with the undersigned magistrate judge on **March 10, 2025** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 28).

2) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | December 4, 2024. |
| For the defendant(s): | February 4, 2025. |
| Plaintiff(s)' rebuttal: | March 4, 2025. |

3) The deposition deadline, including but not limited to depositions for oral testimony

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

    only under Rule 45, is April 22, 2025.

4)     The deadline for filing motions to dismiss and motions for summary judgment is June 2, 2025.

5)     The deadline for filing motions to exclude testimony on *Daubert* and related grounds is April 22, 2025.

6)     Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

7)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 14th day of November, 2024.

                                                                  BY THE COURT:

                                                                  s/ Ryan C. Carson

                                                                  United States Magistrate Judge